IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DAVID NELSON,                              06-CV-1254-BR

        Plaintiff,                         OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.


TIM D. WILBORN
Wilborn Law Office, P.C.
19093 S. Beavercreek Road
PMB #314
Oregon City, OR 97045
(503) 632-1120


        Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904
(503) 727-1053


1 - OPINION AND ORDER

**MICHAEL McGAUGHRAN**
Office of the General Counsel
**RICHARD RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
(206) 615-2545

      Attorneys for Defendant


**BROWN, Judge.**

      This matter comes before the Court on Plaintiff's Motion for Approval of Attorneys' Fees (#20) Pursuant to 42 U.S.C. § 406(b). For the following reasons, the Court **DENIES** Plaintiff's Motion with leave to renew.


## BACKGROUND

      On August 31, 2006, Plaintiff filed a Complaint in this Court in which he sought judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits (DIB) and Social Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. 405(g) and 1383.

      On August 21, 2007, the Court issued an Opinion and Order reversing the Commissioner's decision and remanding the matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

2  -  OPINION AND ORDER

On November 16, 2007, the parties filed a Stipulation for
fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.
§ 2412, in the amount of $7,499.99.  On November 20, 2007, the
Court entered an Order based on the Stipulation in which it
awarded attorneys' fees to Plaintiff in the amount of $7,499.99
under the EAJA.

On November 26, 2007, Plaintiff filed a Motion for Approval
of Attorneys Fees pursuant to 42 U.S.C. § 406(b) in which he
seeks $19,662.25 in attorneys' fees for work performed in this
matter.

## STANDARDS

Section 406(b) of the Social Security Act "controls fees for
representation [of Social Security claimants] in court."
*Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R.
§ 404.1728(a)).  Under § 406(b), "a court may allow 'a reasonable
fee . . . not in excess of 25 percent of the . . . past-due
benefits' awarded to the claimant." *Id*. at 795 (quoting 42
U.S.C. § 406(b)(1)(A)).  Section 406(b) expressly requires any
fee awarded under that section to be payable "out of, and not in
addition to, the amount of [the] past due benefits."  42 U.S.C.
§ 406(b)(1)(A).  "[A]ny endeavor by the claimant's attorney to
gain more than that [statutory] fee, or to charge the claimant a
non contingent [*sic*] fee, is a criminal offense." *Id*. at 806-07

(citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht,* the Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.* at 807.  Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007) (citing *Gisbrecht*, 535 U.S. at 807).

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

**DISCUSSION**

**I.   Fee Agreement**

On August 15, 2006, Plaintiff and his attorneys entered into a contingent-fee agreement in which Plaintiff agreed to pay his attorneys the greater of:

> 1) **25 (twenty-five) percent** of the past-due
> benefits resulting from my claim or claims (which

I understand may exceed $500.00 per hour), **OR**

2) Such amount as my attorneys are able to obtain pursuant to the Equal Access to Justice Act (EAJA).

Wilborn Decl. Ex. 1 at 2.  As the Court noted in *Gisbrecht*, this type of contingent-fee agreement calling for a fee award of 25 percent of all past-due benefits awarded is "characteristic" of Social Security benefit cases.  *Grisbrecht*, 535 U.S. at 807.

## II.  Reasonableness of Requested Fee

"[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807.  To determine whether a fee is reasonable, the Supreme Court identified a number of relevant factors the Court "may" consider: The attorney's risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits "in comparison to the amount of time counsel spend on the case." *Id*. at 808.  No single factor is dispositive. *Id*. The district court's decision with respect to a fee award "qualif[ies] for highly respectful review." *Id*.

Here in addition to the attorneys' fees of $7,499.99 awarded under the EAJA, Plaintiff requests fees of $19,662.25 for work performed in this matter.  Defendant objects to Plaintiff's requested fees and notes Plaintiff did not provide the Court with either a record of hours spent on this matter or a statement of counsel's usual hourly billing rate for noncontingent cases for

purposes of comparison.

Defendant provided the Court with the time records submitted by Plaintiff's counsel with their request for fees under the EAJA, which reflect a total of 78.9 hours of work performed. Defendant asserts, however, Plaintiff's counsel stipulated to EAJA fees in the amount of $7,499.99, which, according to Defendant, "presumably represented 44.9 hours of work it took the three attorneys working on this case, at $167.00 per hour (the current rate in the Portland area)."  Defendant, therefore, asserts 78.9 hours is not reasonable and requests the Court to reduce Plaintiff's award to reflect only 44.9 hours of work performed.

In his Reply, Plaintiff asserts he does not agree "in settling an EAJA award for less than a fully compensatory amount, any particular number of hours or any particular hourly rate necessarily is employed by [Plaintiff's counsel]."  Although Plaintiff does not provide the Court with counsel's time records or a justification for the fees requested other than the fee agreement, the Court

> may require the claimant's attorney to submit, not
> as a basis for satellite litigation, but as an aid
> to the court's assessment of the reasonableness of
> the fee yielded by the fee agreement, a record of
> the hours spent representing the claimant and a
> statement of the lawyer's normal hourly billing
> charge for noncontingent-fee cases.

*Id.*

On this record, the Court cannot properly evaluate the reasonableness of Plaintiff's requested attorneys' fees using the criteria identified by the Court in *Gisbrecht*, and, therefore, denies the Motion with leave to renew on a more fully developed record.  If Plaintiff files a new motion, he must provide the Court with time records relating to counsel's work on this matter and both parties should direct their written arguments to the reasonableness factors that the Supreme Court set out in *Gisbrecht*.  In addition, if Defendant seeks a reduction in Plaintiff's requested attorneys' fees based on the hours of work performed, Defendant should make recommendations for reductions related to specific categories or types of work performed.

Accordingly, the Court denies Plaintiff's Motion for Approval of Attorney's Fees with leave to renew his Motion consistent with this Opinion and Order.


<u>**CONCLUSION**</u>

For these reasons, the Court **DENIES** Plaintiff's Motion for Approval of Attorneys' Fees (#20) Pursuant to 42 U.S.C. § 406(b). The Court grants Plaintiff leave to renew his Motion to cure the deficiencies as set out in this Opinion and Order no later than

February 4, 2008.

IT IS SO ORDERED.

DATED this 11th day of January, 2008.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

8  -  OPINION AND ORDER