IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DAVID NELSON,                                    06-CV-1254-BR

            Plaintiff,                           OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

            Defendant.


TIM D. WILBORN
Wilborn Law Office, P.C.
19093 S. Beavercreek Road
PMB #314
Oregon City, OR 97045
(503) 632-1120

            Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904
(503) 727-1053


1 - OPINION AND ORDER

**MICHAEL McGAUGHRAN**
Office of the General Counsel
**RICHARD RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
(206) 615-2545

        Attorneys for Defendant


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff's Amended

Motion for Approval of Attorneys' Fees (#27) Pursuant to 42

U.S.C. § 406(b).  For the following reasons, the Court **GRANTS**

Plaintiff's Motion and awards attorneys' fees to Plaintiff in the

amount of **$19,662.25**.


                    <u>**BACKGROUND**</u>

     On August 31, 2006, Plaintiff filed a Complaint in this

Court in which he sought judicial review of the Social Security

Commissioner's final decision denying his application for

Disability Insurance Benefits (DIB) and Social Security Income

(SSI) under Titles II and XVI of the Social Security Act, 42

U.S.C. §§ 405(g) and 1383.

     On August 21, 2007, the Court issued an Opinion and Order

reversing the Commissioner's decision and remanding the matter

pursuant to sentence four of 42 U.S.C. § 405(g) for the

2  -  OPINION AND ORDER

calculation and award of benefits.

On November 16, 2007, the parties filed a Stipulation for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $7,499.99.  On November 20, 2007, the Court entered an Order based on the Stipulation in which it awarded attorneys' fees to Plaintiff in the amount of $7,499.99 under EAJA.

On November 26, 2007, Plaintiff filed a Motion for Approval of Attorneys Fees pursuant to 42 U.S.C. § 406(b) in which he sought $19,662.25 in attorneys' fees for work performed in this matter pursuant to a contingent-fee agreement for 25% of the $78,649.00 in past-due Social Security benefits awarded to Plaintiff.  In its Opinion and Order issued on January 11, 2008, this Court denied Plaintiff's Motion on the ground that Plaintiff did not develop the record sufficiently to allow the Court to determine the reasonableness of Plaintiff's fee request.   The Court, however, gave Plaintiff leave to renew his Motion consistent with the Court's Opinion and Order.  In particular, the Court directed Plaintiff's counsel to include, among other things, the time records for work performed.  The Court also directed both parties to focus their argument on the reasonableness of Plaintiff's request in light of the Supreme Court's decision on *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

On January 16, 2008, Plaintiff filed his Amended Motion for

Attorneys' Fees.


## STANDARDS

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court." *Gisbrecht*, 535 U.S. at 794 (citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A). Section 406(b) expressly requires any fee awarded under that section to be payable "out of, and not in addition to, the amount of . . . past due benefits." 42 U.S.C. § 406(b)(1)(A). "[A]ny endeavor by the claimant's attorney to gain more than that [statutory] fee, or to charge the claimant a noncontingent fee, is a criminal offense." *Gisbrecht*, 535 U.S. at 806-07 (citing 42 U.S.C. § 406(b)(2) and 20 C.F.R. § 404.1740(c)(2)).

In *Gisbrecht,* the Court concluded § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 807. Section 406(b), however, requires the court first to "determine whether a fee agreement has been executed between the plaintiff and his attorney, and, if so, whether such agreement is reasonable." *Garcia v. Astrue,* 500 F. Supp. 2d 1239, 1242 (C.D. Cal. 2007)

(citing *Gisbrecht*, 535 U.S. at 807).

"Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." Even "[w]ithin the 25 percent boundary, [however,] . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Although fee awards may be made under either EAJA or § 406(b), "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.

## <u>DISCUSSION</u>

**I.    Contingent-Fee Agreement**

On August 15, 2006, Plaintiff and his attorneys entered into a contingent-fee agreement in which Plaintiff agreed to pay his attorneys the greater of:

> 1) **25 (twenty-five) percent** of the past-due benefits resulting from my claim or claims (which I understand may exceed $500.00 per hour), **OR**

> 2) Such amount as my attorneys are able to obtain pursuant to the Equal Access to Justice Act (EAJA).

Wilborn Decl. Ex. 1 at 2. As the Court noted in *Gisbrecht*, this type of contingent-fee agreement calling for a fee award of 25 percent of all past-due benefits awarded is "characteristic" of Social Security benefit cases. *Grisbrecht*, 535 U.S. at 807.

## II.  Reasonableness of Requested Fee

"[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807.  To determine whether a fee is reasonable, the Supreme Court identified a number of relevant factors a court may consider: the attorney's risk of loss, "the character of the representation and the results . . . achieved," delay by counsel, and the amount of benefits "in comparison to the amount of time counsel spend on the case" to ensure that the award does not constitute a windfall to the plaintiff's counsel.  *Id.* at 808.  No single factor is dispositive.  *Id.*  The district court's decision with respect to a fee award "qualif[ies] for highly respectful review."  *Id.*

Here Plaintiff requests fees of $19,662.25 pursuant to the contingency-fee agreement between Plaintiff and his counsel for 25% of the amount of past-due benefits recovered by Plaintiff. Plaintiff contends the fee is reasonable in light of the results obtained, which include obtaining $78,649.00 for Plaintiff in past-due benefits as well as monthly benefits for the rest of Plaintiff's life, and in light of the risk that Plaintiff's counsel assume in representing virtually all of their clients who pursue Social Security benefits on the basis of contingent-fee agreements.

Defendant does not challenge the reasonableness of the hourly rate that Plaintiff's counsel would be paid as a result of

6  -  OPINION AND ORDER

the contingent-fee agreement ($249.20 an hour for 78.9 hours of work). Defendant, however, contends Plaintiff's total requested fees are unreasonable on the grounds that some of the work performed by Plaintiff's counsel was redundant and that the lack of experience of Betsy Stephens resulted in additional, unnecessary work. On this basis, Defendant asserts 40 to 50 hours would be a reasonable amount of time expended on this case and suggests a range of $9,968.00 to $12,460.00 as reasonable attorneys' fees. Defendant, however, does not offer any evidence of double-billing by Plaintiff's counsel nor does it identify any unnecessary work performed by Stephens.

In his Reply, Plaintiff argues his counsel should not be penalized for working extra hours to ensure that Plaintiff received the benefits that he deserved. For example, the work performed by Plaintiff's counsel prevented a costly and lengthy remand of Plaintiff's case for further proceedings and avoided a costly appeal. In any event, Plaintiff maintains he agreed to pay 25% of his recovered past-due benefits regardless of the amount of time his counsel spent to recover those benefits. Plaintiff also points out that the hourly rate reflected in that 25% ($249.20) is still well within the range of reasonable attorneys' fees awarded by district courts in Social Security

contingent-fee cases. *See, e.g.*, *Fox v. Astrue*, No. CIV-04-0119-PHX-RCB, 2007 WL 4365489, at *3 (D. Ariz. Dec. 11, 2007)(in consideration of the *Gisbrecht* factors, "the court easily finds the requested $18,441.35, which calculates to an hourly rate of $371.05, is reasonable); *Mellon v. Astrue*, No. C-06-0638 EMC, 2008 WL 512720, at *2 (N.D. Cal. February 25, 2008)(approved an effective hourly rate of $371.34 pursuant to a 25% contingent-fee agreement as to the plaintiff's past-due benefits); *Grunseich v. Barnhart*, 439 F. Supp 2d 1032, 1034-35 (C.D. Cal. 2006)(approved an effective hourly rate of $600.00 pursuant to a 25% contingent-fee agreement as to the plaintiff's past-due benefits). The Court finds the resulting hourly rate in this matter is easily within the range of reasonable rates for contingent-fee agreements in Social Security cases.

In addition, Plaintiff's counsel was able to secure a substantial award of past and future benefits for Plaintiff through litigation at the district-court level after Plaintiff had sought benefits for over five years and had been denied benefits by an Administrative Law Judge and on administrative appeal. The Court, therefore, concludes Plaintiff's counsel provided competent, capable representation and did not cause any delay of Plaintiff's claim.

The Court also takes into consideration the fact that counsel must take claims such as these on contingency and that counsel bear the risk of not receiving any compensation for their work if they do not recover past-due benefits for their clients. *See In re Wash. Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 199-1300 (9th Cir. 1994).

As noted, Defendant does not specifically identify any work performed by Plaintiff's counsel that was allegedly redundant nor overbilling due to Stephens's inexperience. After independently reviewing the time records of Plaintiff's counsel, the Court does not find any apparent indication that counsel's billings were redundant or that counsel overbilled for some of the work performed on this matter.

Accordingly the Court concludes a contingent-fee award of $19,662.25, which is 25% of the past-due benefits obtained by Plaintiff's counsel on Plaintiff's behalf, is reasonable.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for Approval of Attorneys' Fees (#27) Pursuant to 42 U.S.C. § 406(b) in the amount of **$19,662.25**. Pursuant to *Gisbrecht*, Plaintiff's counsel must refund to Plaintiff the lesser award of fees granted

by this Court on November 20, 2007, under the EAJA in the amount

of $7,499.99.

IT IS SO ORDERED.

DATED this 31st day of March, 2008.


                                   /s/ Anna J. Brown

                                   _____
                                   ANNA J. BROWN
                                   United States District Judge